832 A.2d 936

LAURA TUNIA AND REGINALD W. TUNIA, JR., PLAINTIFFS–APPELLANTS, v. ST. FRANCIS HOSPITAL, DEFENDANT,JOHN B. DEL MONTE, D.P.M., DEFENDANT–RESPONDENT, AND JOHN DOES 1–5, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued September 22, 2003—Decided October 10, 2003.

Before Judges WEFING, COLLESTER and FUENTES.

*Kevin Campbell* argued the cause for appellant (*Zemel & Zemel*, attorneys; *Margo Zemel*, of counsel; *Mr. Campbell*, on the brief).

*James J. Tutak* argued the cause for respondent (*William P. Exaros*, of counsel; *Mr. Tutak* and *Mr. Exaros*, on the brief).

The opinion of the court was delivered by

WEFING, J.A.D.

Plaintiffs appeal from a trial court order granting the motion of defendant Del Monte to dismiss plaintiffs' complaint for failure to satisfy the requirements of the Affidavit of Merit statute, *N.J.S.A.*

2A:53A–27. After reviewing the record in light of the contentions advanced on appeal, we affirm.

In 1997, defendant Del Monte performed two podiatric surgeries upon plaintiff Laura Tunia.[1] She experienced problems following the surgeries and eventually came under the care of another podiatric physician. In light of her experiences with defendant Del Monte, plaintiff retained counsel who filed a complaint on her behalf on September 8, 1999. Del Monte filed his answer on December 29, 1999.

Under *N.J.S.A.* 2A:53A–27, plaintiffs had sixty days from the filing of Del Monte's answer to provide an affidavit of merit. The statute requires that the affidavit be executed by a licensed individual who has "particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years."

For reasons that are not apparent from the record, plaintiffs decided to retain new counsel prior to providing an affidavit of merit. A certain delay was experienced in connection with the change in counsel and the sixty-day period expired, and Del Monte filed a motion to dismiss the complaint. While that motion was pending, plaintiffs proffered a document captioned "Certificate of Merit." We do not consider it necessary to recite the detail of the somewhat chowdered procedural history of this matter after Del Monte filed his motion and plaintiffs put forth the certificate. The parties have argued before us various questions of timeliness, as they did to the trial court. In our view, timeliness is immaterial for we are satisfied that the "Certificate of Merit" was fatally defective. The substantive portion of this Certificate of Merit provides as follows:

Farid Hakimi, D.P.M. upon his oath deposes and says:

---

[1] Her husband sues per quod.

1. I am a licensed physician in podiatric medicine in the State of New Jersey. I have no financial interest in the outcome of this case, which I have reviewed.

2. Based on the record which I have reviewed, there is a reasonable probability that the care, skill and/or knowledge exercised in the treatment of John B. Del Monte, D.P.M. St. Francis Hospital, and John Does 1–5 upon the Plaintiff Laura Tunia fell outside professional treatment standards.

/s/  Farid Hakimi

Farid Hakimi, D.P.M.

State of New Jersey, County of /Morris/

Farid Hakimi D.P.M.

Personally came before me and acknowledged under oath and to my satisfaction that he

(a) is named in and personally signed this document;  and

(b) sidned (sic) this document as his act and deed.

Notary Public

The notary public signed the document and affixed her stamp and seal.

Defendant Del Monte argued that this document did not comply with *N.J.S.A.* 2A:53A–27. He asserted it was neither an affidavit, not having been executed under oath, nor a certification, for Doctor Hakimi failed to certify within the document that the contents were true. In addition, Doctor Hakimi, it developed, was not board certified and had not been practicing podiatry for five years. Indeed, he had only graduated from a school of podiatric medicine in 1996. The trial court granted Del Monte's motion to dismiss, ruling that the "Certification" was fatally deficient in both aspects. The trial court's order was entered on May 1, 2000.

On May 17, 2000, plaintiffs forwarded another document, this captioned "Affidavit of Merit." The text of this second document is as follows:

STATE OF NEW JERSEY} ss:

COUNTY OF ESSEX}

I, Dr. Ira Hauptman, upon my oath affirms and says:

1. I am a licensed physician in podiatry medicine in the State of New Jersey. I have specific knowledge in the field of podiatric medicine as I have been practicing for /20/ years.

2. I have no financial interest whatsoever in the within matter.

3. Based on my review of the medical records, x-rays, along with my vast experience in the field of podiatry medicine there exists a reasonable probability that the care, skill or knowledge exercised in the treatment, care, practice or work upon the plaintiff, Laura Tunia, by John Del Monte, D.P.M., St. Francis Hospital and John Does 1–5, and that is the basis for the within action, fell outside the accepted professional or occupational standards or treatment practice.

Further Affiant Sayeth Not.

/Ira Hauptman/

Dr. Ira Hauptman

I affirm that on /May 11th/, 2000
the above individual personally came
before me and stated to my
satisfaction that this is the
person that executed this
instrument as his own act.

/Janice Nemeckay/

Affixed was Ms. Nemeckay's notarial stamp.

We are informed that plaintiffs' case against St. Francis Hospital proceeded and on March 27, 2002, nearly two years after Dr. Hauptman's "Affidavit of Merit," plaintiffs moved for reconsideration as to Del Monte, relying upon that document. The trial court denied that motion and this appeal followed.

█ We are satisfied that neither the document executed by Dr. Hakimi nor the document executed by Dr. Hauptman fulfills the requirement of an affidavit, that the motion dismissing plaintiffs' complaint was properly granted and the motion seeking reconsideration was properly denied.

There is little authority on the requirements of an affidavit. An affidavit is defined in Black's Law Dictionary as a "declaration . . . written down and sworn to by the declarant before an officer authorized to administer oaths." Professor Garner's Dictionary of

Modern Legal Usage contains the same definition and notes the Latin meaning of the word itself to be "he swore."

The Supreme Court adopted this definition of the word "affidavit" in *Alan J. Cornblatt, P.A. v. Barow,* 153 *N.J.* 218, 236, 708 *A.*2d 401 (1998). In that case, the Court concluded that a certification was sufficient under the affidavit of merit statute but noted that a certification must comply with the requirements of Rule 1:4–4(b) and contain this statement: "I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment." *Id.* at 237, 708 *A.*2d 401.

This court has had occasion once to consider the essential elements of an affidavit. We stated:

> [W]e believe the law to be that in order to make an affidavit, there must be present at the same time the officer, the affiant, and the paper, and there must be something done which amounts to the administration of an oath.
>
> [*In re Educ. Ass'n of Passaic, Inc.,* 117 *N.J.Super.* 255, 267, 284 *A.*2d 374 (1971).]

Plainly, neither document executed by the podiatric doctors contained the necessary language to be considered a certification. Just as plainly, neither of the doctors was placed under oath in connection with executing the documents. The statements completed by the notaries public are in the form of acknowledgements, necessary to record an instrument, *N.J.S.A.* 46:14–2.1, rather than a jurat, evidencing that the notary placed the doctor under oath at the time the document was executed.

■ The Court in *Cornblatt, supra,* indicated the appropriateness in certain contexts of invoking the doctrine of substantial compliance to "avoid technical defeats of valid claims." 153 *N.J.* at 239, 708 *A.*2d 401 (quoting *Zamel v. Port of New York Auth.,* 56 *N.J.* 1, 6, 264 *A.*2d 201 (1970)). We cannot, however, consider the failure to place a declarant under oath a mere "technical" deficiency. In our view, it goes to the very nature of what an affidavit is.

Plaintiffs did not present an affidavit of merit in accordance with the statute, and their complaint was properly dismissed.

Affirmed.