# IN THE SUPREME COURT OF IOWA

No. 22–0495

Submitted November 15, 2023—Filed December 22, 2023

**THE ESTATE OF DEANNA DEE FAHRMANN,** by Executor Jeffrey A. Fahrmann, **DENNIS C. FAHRMANN,** by and through his Power of Attorney, Jeffrey A. Fahrmann, **JEFFREY A. FAHRMANN,** and **AMY J. FAHRMANN,**

Appellants,

vs.

**ABCM CORPORATION, KATHY MEYER-ALLBEE,** and **LINSEY HENRY,**

Appellees.

Appeal from the Iowa District Court for Franklin County, Gregg R. Rosenbladt, Judge.

Plaintiffs appeal the district court judgment dismissing their medical malpractice action with prejudice for noncompliance with the certificate of merit requirement in Iowa Code section 147.140. **AFFIRMED.**

Waterman, J., delivered the opinion of the court, in which all participating justices joined. Oxley, J., took no part in the consideration or decision of the case.

Laura R. Luetje and William C. Strong of Lamberti, Gocke & Luetje, P.C., Ankeny; and Bradley C. Obermeier of Obermeier and McBride, P.C., Grimes, for appellants.

Tricia Hoffman-Simanek, Ross T. Andrews, and Graham R. Carl of Shuttleworth & Ingersoll, P.L.C., Cedar Rapids, for appellees.

**WATERMAN, Justice.**

In this appeal, we must decide whether the district court correctly applied Iowa Code section 147.140 (2021) to dismiss this nursing home malpractice action with prejudice. This statute required the plaintiffs to serve a certificate of merit affidavit signed under oath by a qualified expert within sixty days of the defendants' answer. The plaintiffs failed to timely serve such a certificate or request an extension to do so but did serve initial disclosures, signed by counsel alone, that named their expert within the statutory sixty-day deadline. The defendants filed a motion to dismiss for noncompliance with section 147.140. The plaintiffs only then filed a certificate signed by their expert and resisted the motion, arguing they substantially complied with the statute and, alternatively, that the defendants waived the certificate of merit requirement by commencing discovery. The district court rejected those arguments and dismissed the action based on the mandatory language of the statute. The plaintiffs appealed, and we retained the case.

On our review, we hold that the district court correctly applied section 147.140 to dismiss this action with prejudice. The statute unambiguously required the plaintiffs to timely serve the certificate of merit affidavit signed under oath by a qualified expert stating the expert's familiarity with the applicable standard of care and its breach by the defendants unless the parties extended the deadline by agreement or the plaintiffs, with good cause shown, moved for an extension within the sixty-day deadline. The plaintiffs' initial disclosure signed only by counsel did not comply or substantially comply with section 147.140. The defendants never agreed to extend the sixty-day deadline, nor did the plaintiffs file a timely motion to extend it for good cause. Dismissal was mandatory under the plain language of the statute. A contrary

holding would defeat the legislature's requirement for early dismissal of medical malpractice actions lacking the requisite expert certification.

## I. Background Facts and Proceedings.

According to the petition in this action, in 2019, Deanna Dee Fahrmann, age 74, was residing at the Rehabilitation Center of Hampton, operated by ABCM Corporation. She had been married to Dennis C. Fahrmann for forty-three years. They had two adult children, Jeffrey A. Fahrmann and Amy J. Fahrmann. Deanna's family expressed concern to the nursing home's staff in September that she "had fallen from a remote-control operated chair on at least one occasion, causing minor injury, and that they did not feel that it was safe to allow her continued unrestricted and unsupervised access to the chair and remote control in her room." On October 5, she fell from the chair again, this time suffering severe injuries, resulting in her death a month later.

On June 7, 2021, her estate and surviving family members filed this wrongful-death action against ABCM and two of its employees, Kathy Meyer-Allbee and Linsey Henry, alleging tort claims arising from their care and treatment of Deanna. The plaintiffs do not dispute that Iowa Code section 147.140 applies to all their claims.

The defendants timely filed their answer on July 19, triggering the plaintiffs' statutory sixty-day deadline to serve certificate of merit affidavits signed by a qualified expert by September 17. The plaintiffs served no certificate of merit affidavit by that date, nor did they seek or obtain an agreed extension or file a motion to extend that deadline. Instead, on September 1, they served initial disclosures signed only by counsel that included this paragraph in the section listing persons with knowledge supporting their claims:

> 4. Bruce Naughton, MD, 80 Depew Avenue, Buffalo, NY 14214. Dr. Naughton may be contacted through counsel.

> Dr. Naughton will provide expert testimony and opinions as to the cause of the injuries and cause of death of M[r]s. Fahrmann, the appropriate standard of care for Mrs. Fahrmann's care and treatment while a resident of the defendant entity, the damages suffered by Mrs. Fahrmann, the violations of any applicable rules, standards, or obligations of the defendant entity, and any and all other facts and opinions which have a bearing on this case and which are within his purview as an expert witness.

On October 28, the defendants moved to dismiss the petition under Iowa Code section 147.140(6) based on the plaintiffs' failure to serve any certificate of merit affidavit signed by a qualified expert. The next day, the plaintiffs served a certificate of merit signed under oath by Dr. Naughton, forty-two days after the statutory deadline. On November 5, the plaintiffs filed a resistance to the motion to dismiss, arguing that the defendants waived the certificate of merit requirement by serving discovery and that the plaintiffs' initial disclosures regarding Dr. Naughton substantially complied with the statute. The district court conducted a telephonic hearing on the motion on December 14.

The district court entered its ruling dismissing the entire action with prejudice on January 11, 2022. The court determined that section 147.140 applied to all claims and ruled that the plaintiffs' initial disclosures "simply lack the detail and specificity and certainty that would be supplied by the certificate of merit affidavit and are in generalities." The ruling's final paragraph stated,

> The Court finds that there was no order extending the certificate of merit deadline, the parties did not discuss or agree to an extension of said deadline, there [was] no substantial compliance by plaintiffs with the certificate of merit requirement being satisfied by plaintiffs' initial disclosures, and the late-filed certificate of merit is also deficient. *Iowa [C]ode § 147.140(6)* requires the Court to dismiss the petition with prejudice in such a situation.

The plaintiffs filed a motion to reconsider under Iowa Rule of Civil Procedure 1.904 further arguing substantial compliance, which the defendants resisted. The district court denied that motion on February 14, and the plaintiffs

appealed, reiterating their arguments based on substantial compliance. We retained the case.

**II. Scope of Review**.

We review rulings on motions to dismiss under Iowa Code section 147.140(6) and the district court's statutory construction for correction of errors at law. *Ronnfeldt v. Shelby Cnty. Chris A. Myrtue Mem'l Hosp.*, 984 N.W.2d 418, 421 (Iowa 2023).

**III. Analysis**.

On appeal, the plaintiffs do not dispute that Iowa Code section 147.140 applies to all their claims and no longer argue that the defendants waived the certificate of merit requirement by serving discovery before the sixty-day deadline. Therefore, we must decide whether the district court correctly rejected the plaintiffs' argument that they substantially complied with section 147.140 through their initial disclosures signed by counsel that named their expert or through their expert's own untimely certificate of merit. We conclude that the district court correctly rejected their substantial compliance argument.

We first address the plaintiffs' argument that their initial disclosures signed only by counsel substantially complied with section 147.140 by identifying their expert witness and the subject matter of his testimony. The defendants argued, and the district court ruled, that the initial disclosures did not substantially comply with the statute because they were not signed under oath by the expert and lacked specificity. We agree with the defendants and district court.

We begin with the text of the statute. Iowa Code section 147.140 is entitled "Expert witness—certificate of merit affidavit." The statute unambiguously requires that the expert witness personally sign the certificate of merit under oath within sixty days of the defendants' answer:

1. *a.* In any action for personal injury or wrongful death against a health care provider based upon the alleged negligence in the practice of that profession or occupation or in patient care, which includes a cause of action for which expert testimony is necessary to establish a prima facie case, the plaintiff shall, prior to the commencement of discovery in the case and within sixty days of the defendant's answer, serve upon the defendant a certificate of merit affidavit signed by an expert witness with respect to the issue of standard of care and an alleged breach of the standard of care. The expert witness must meet the qualifying standards of section 147.139.

*b.* A certificate of merit affidavit must be signed by the expert witness and certify the purpose for calling the expert witness by providing under the oath of the expert witness all of the following:

(1) The expert witness's statement of familiarity with the applicable standard of care.

(2) The expert witness's statement that the standard of care was breached by the health care provider named in the petition.

Iowa Code § 147.140(1). As section 147.140(1)(*a*) expressly provides, the expert witness who is signing the certificate of merit affidavit must be qualified to do so under section 147.139, which in turn provides:

If the standard of care given by a health care provider, as defined in section 147.136A, is at issue, the court shall only allow a person the plaintiff designates as an expert witness to qualify as an expert witness and to testify on the issue of the appropriate standard of care or breach of the standard of care if all of the following are established by the evidence:

1. The person is licensed to practice in the same or a substantially similar field as the defendant, is in good standing in each state of licensure, and in the five years preceding the act or omission alleged to be negligent, has not had a license in any state revoked or suspended.

2. In the five years preceding the act or omission alleged to be negligent, the person actively practiced in the same or a substantially similar field as the defendant or was a qualified instructor at an accredited university in the same field as the defendant.

*Id.* § 147.139. This statute requires an active license to practice medicine. *Hummel v. Smith*, ___ N.W.2d ___, ___ (Iowa 20__). Neither statute permits the

plaintiffs' attorney to sign on behalf of the expert witness; nevertheless, these plaintiffs argue their initial disclosure signed by their attorney substantially complied with the statute.

"Substantial compliance means 'compliance in respect to essential matters necessary to assure the reasonable objectives of the statute.' " *Id.* at ___ (quoting *McHugh v. Smith*, 966 N.W.2d 285, 288–89 (Iowa Ct. App. 2021)). We reiterate section 147.140's reasonable objective is to "give[] the defending health professional a chance to arrest a baseless action early in the process if a qualified expert does not certify that the defendant breached the standard of care." *Struck v. Mercy Health Servs.—Iowa Corp.*, 973 N.W.2d 533, 541 (Iowa 2022) (alteration in original) (quoting *McHugh*, 966 N.W.2d at 289–90). No certificate of merit affidavit signed by the expert was served by the sixty-day deadline in this case. In *McHugh v. Smith*, the court of appeals rejected the plaintiff's argument that she substantially complied with section 147.140 by serving discovery responses signed by counsel that identified her experts. 966 N.W.2d at 290–92. The *McHugh* court reviewed the signature and qualification requirements enacted in 2017 and concluded the plaintiff's "interrogatory responses . . . did not replicate the signed affidavit expected under section 147.140(1)(*a*)." *Id.* at 290; *see also Tunia v. St. Francis Hosp.*, 832 A.2d 936, 939 (N.J. Super. Ct. App. Div. 2003) (holding certificates of merit were fatally defective because the medical experts did not sign their affidavits under oath and rejecting substantial compliance argument, stating that "[w]e cannot, however, consider the failure to place a declarant under oath a mere 'technical' deficiency . . . [as] it goes to the very nature of what an affidavit is"). The *McHugh* court aptly observed, "If allegations from a layperson could replace the medical expert's affidavit, the new requirements would hold no meaning." 966 N.W.2d at 290–91. We reach the same conclusion and hold that counsel's signature did not substantially comply

with section 147.140(1)'s requirement that the *expert* sign the certificate of merit affidavit under oath.

We also agree with the district court that the plaintiffs' initial disclosure quoted above failed to comply with the specificity requirements of the statute. The disclosure failed to include Dr. Naughton's opinion "that the standard of care was breached" by any named defendant. Iowa Code § 147.140(1). We hold that the disclosure's general statement that Dr. Naughton would testify about the standard of care and breach did not substantially comply with the statute's requirement that he state his "familiarity with the applicable standard of care" and opine that each defendant violated the standard of care. *See id.* § 147.140(1)(*a*)–(*b*).

Finally, we consider whether the certificate of merit signed by Dr. Naughton and served forty-two days after the statutory deadline substantially complies with section 147.140. The statute provides that the sixty-day deadline can be extended by agreement of the parties or by court order for good cause if the plaintiff files a motion for extension within the sixty-day period. *See id.* § 147.140(4). But the plaintiffs failed to move for an extension within the deadline, and the defendants never agreed to an extension. The district court ruled that Dr. Naughton's certificate was untimely and did not substantially comply with the statute. We agree. *See Morrow v. United States*, No. 21-cv-1003-MAR, 2021 WL 4347682, at *1, *5 (N.D. Iowa July 28, 2021) (holding certificate of merit filed sixteen days late did not substantially comply with section 147.140), *aff'd*, 47 F.4th 700, 704 (8th Cir. 2022); *McHugh*, 966 N.W.2d at 291–92 (holding expert's certificate served seventy-six days late did not substantially comply with the statutory deadline). To hold otherwise would undermine the legislative goal of early dismissal of malpractice actions lacking the requisite expert certification. *See Struck*, 973 N.W.2d at 541 (noting

that this goal is furthered by "requir[ing] an expert's certification sixty days from the defendant's answer, even earlier than the [180-day] deadline in [Iowa Code] section 668.11").

The defendants need not show prejudice. Nothing in the text of section 147.140 implies a prejudice requirement. And it is not our place to add a prejudice requirement that the legislature chose not to include. *McHugh*, 966 N.W.2d at 291 ("Nor can we read in a requirement for defendants to show they were prejudiced by the delay."); *see also Morrow*, 47 F.4th at 705 (holding defendant need not show prejudice to obtain dismissal under section 147.140(6)). We hold that Dr. Naughton's untimely certificate of merit did not substantially comply with section 147.140.

## IV. Disposition.

For those reasons, we affirm the district court's judgment dismissing this action with prejudice.

**AFFIRMED.**

All justices concur except Oxley, J., who takes no part.